IDA AND LAURA C. TUCKER, BY, ETC., v. JEFFERSON COLLEGE, ETC.

Deeds—Use, Created by—Failure—No Reverter.
   If the use created by a deed of conveyance fails there will not be a reverter to the estate of the grantor.

APPEAL FROM LOUISVILLE CHANCERY COURT.

November 14, 1872.

OPINION BY JUDGE PETERS:

It is perfectly evident from the deed filed as an exhibit in this cause that the grantor, William A. Tucker, the father of appellants Ida and Laura C. Tucker, was not a donor of a charity, but the vendor of the land in fee for a full money consideration to him paid, as he recites in his deed, with a covenant of warranty against himself and all persons claiming under him.

Consequently, if there had been a use created by the deed, and it should wholly fail, there never could be a reverter of the estate to him or his heirs. Gibson and Others v. Armstrong, etc., 7 B. Mon. 481.

But no use was created by the deed. The terms inserted therein, "for school purposes," express the intention of and inducement with appellee to make the purchase, and are not used for the purpose of binding them for all or any particular length of time to dedicate the estate to that purpose alone.

As appellants were asserting some claim, thought future and contingent, to the land which might impair the vendible value of the estate, appellees had a right to have the cloud removed, and no available objection is presented to the mode adopted by the chancellor to effect the object.

This view of the case renders it unnecessary to decide the question raised by the motion to dismiss the appeal.

Judgment *affirmed.*

*H. Pope,* for appellants.

*Duke & Richards,* for appellees.